UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| RUSSELL PERCY DUNHAM, | ) |
| | ) |
| Petitioner, | )   Case No. 1:03-cv-862 |
| | ) |
| v. | )   Honorable Wendell A. Miles |
| | ) |
| PATRICIA L. CARUSO, | ) |
| | )   **REPORT AND RECOMMENDATION** |
| Respondent. | ) |
| | ) |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On December 15, 2003, the Court issued an order requiring Respondent to answer the petition. Respondent filed her answer on June 8, 2004 (docket #15), asserting that the petition is barred by the one-year statute of limitations. In August 2004, the Court granted Petitioner's motion to stay and closed this case administratively to enable Petitioner to exhaust his state-court remedies (docket #33). The Court entered an order re-opening this case for proceedings on Petitioner's amended application in August 2005 (docket ##34, 41). I find that the petition is barred by the one-year limitations period. Accordingly, I recommend that the Court dismiss the petition.

**Procedural History**

Petitioner currently is serving a sentence of 20 to 35 years, imposed on September 19, 1994, following a finding of guilt by a Clinton County jury on the charge of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b. Petitioner appealed to the Michigan Court of Appeals, which affirmed his conviction on November 26, 1996. The Michigan Supreme Court

denied his application for leave to appeal on September 29, 1997. Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* in the Clinton County Circuit Court on August 17, 1998; the circuit court denied the motion on August 24, 1998. The Michigan Court of Appeals and the Michigan Supreme Court denied his subsequent applications for leave to appeal the relief from judgment ruling on October 13, 1999 and April 25, 2000, respectively.

Petitioner filed his first habeas corpus action on December 8, 1998. *See Dunham v. McGinnis*, No. 1:98-cv-869 (W.D. Mich.). On September 28, 2000, the District Court adopted the magistrate judge's report and recommendation to dismiss the petition on the merits (docket #27). On October 6, 2000, Petitioner filed a notice of appeal from the District Court's decision (docket #28); the Sixth Circuit denied his appeal on March 22, 2001 (docket #35).

On July 18, 2000, Petitioner filed a complaint for mandamus in the Michigan Court of Appeals. *See Dunham v. Chippewa County FIA*, No. 228594 (Mich. Ct. App.). On March 23, 2001, the court of appeals denied mandamus relief. Petitioner also filed three subsequent complaints for mandamus in the Michigan Court of Appeals. *See Dunham v. Michigan*, No. 233302 (Mich. Ct. App., filed 3/22/01); *Dunham v. Dep't of Corr.*, No. 237344 (Mich. Ct. App., filed 10/23/01); and *Dunham v. Dep't of Corr.*, No. 248825 (Mich. Ct. App., filed 6/2/03). Nos. 233302 and 237344 were each dismissed based on a filing defect; No. 248825 was denied on "administrative-jurisdiction[al]" grounds.

In an October 11, 2000 letter to this Court, Petitioner asked for reconsideration of the September 28, 2000 order dismissing his petition on the merits (docket #29). In his letter, Petitioner also referenced new claims that he had not yet exhausted. In response to the Petitioner's letter, the Court dismissed his action without prejudice on September 20, 2001 to enable him to pursue his new

claims in state court. In its September 20, 2001 dismissal, the District Court did not explicitly state that it was reversing its September 28, 2000 dismissal on the merits.

After pursuing his unexhausted claims, Petitioner filed his second application for habeas corpus on April 8, 2002. *See Dunham v. Jamrog, et al.,* 1:02-cv-10088 (E.D. Mich). The district court transferred this application to the Sixth Circuit Court of Appeals as a second or successive petition (docket #21). On October 30, 2001, the Sixth Circuit disagreed that the petition was second or successive. It held instead that the September 20, 2001 order granted Petitioner's motion for reconsideration, and dismissed his first habeas petition without prejudice to enable him to exhaust available state-court remedies on additional claims. *See In re Dunham*, No. 03-1439, slip op. at 2 (6th Cir. Oct. 27, 2003). In response to Petitioner's separate motion to file another habeas petition, the Sixth Circuit stated that he was free to file another petition, but the proper venue was the U.S. District Court for the Western District of Michigan. *Id*. pp. 1-2. Petitioner filed the present petition, his third, on November 28, 2003. *See Dunham v. Caruso*, 1:03-cv-03 (W.D. Mich.).

## Discussion

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214. The one-year statute of limitations provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest ofS
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(1)(A) provides the limitations period in this case, as the other sections do not apply here. Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on September 29, 1997. Petitioner did not apply for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (*en banc*); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Sunday, December 28, 1997. Accordingly, the one-year statute of limitations began to run on Monday, December 29, 1997. *See* FED. R. CIV. P. 6(a).

The running of the limitations period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed" as delivery and acceptance within compliance with applicable laws and rules governing filings). A motion for post-conviction relief is considered "pending" for purposes of § 2244(d)(2) during the period in which a petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed. *Abela,* 348 F.3d at 172-73; *Bronaugh,* 235 F.3d at 283. The tolling provision does not revive a limitations period that has expired, or "restart the clock"; it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Here, the limitations period ran for 231 days from December 29, 1997 to August 18, 1997, when Petitioner properly filed his Rule 6.500 motion for relief from judgment in the Clinton County Circuit Court. *See* 28 U.S.C. § 2244(d)(1)(A). The circuit court denied that motion on August 24, 1998; both the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal that decision under MICH. CT. R. 6.508(D). The limitations period would have begun to run again, 90 days after the Michigan Supreme Court's April 25, 2000 Rule 6.508(D) denial, but for Petitioner's properly-filed July 18, 2000 complaint for mandamus in the Michigan Court of Appeals. The July 18, 2000 mandamus complaint continued the tolling begun by the August 18, 1997 motion for relief from judgment. Thus, the limitations period tolled from August 18, 1997 through March 23, 2001, when the court of appeals denied Petitioner's mandamus complaint. *See* 28 U.S.C.

§ 2244(d)(1)(A); *Duncan*, 533 U.S. at 181-82.  Of Petitioner's four mandamus complaints in the Michigan Court of Appeals, only the one filed on July 18, 2000 (Mich. Ct. App. No. 228594) tolled the statute because it was the only one properly filed within the limitations period.  *See Artuz*, 531 U.S. at 8.  Mandamus action Nos. 233302 and 237344, though filed within the limitations period, were dismissed for "filing defects," and thus were not "properly filed" to allow tolling.  *See id.* Mandamus action no. 248825 was filed after the limitations period expired, and could not revive it. *See Vroman*, 346 F.3d at 602.

Although Petitioner did not seek review of the March 23, 2001 mandamus denial in the Michigan Supreme Court, the limitations period did not begin to run again until his 56 days for doing so expired, that is, on May 18, 2001.  *See* 28 U.S.C. § 2244(d)(1)(A).  On May 18, 2001, 134 days remained in the one-year limitations period, which would thus expire on October 1, 2001.  *See* FED. R. CIV. P. 6(a).

The limitations period is not tolled for the time during which a federal habeas petition is pending.  *Duncan*, 533 U.S. at 181-82.  The limitations period therefore did not toll when any of Petitioner's three habeas applications were pending.

There are two kinds of equitable tolling available in habeas actions, one of which is available to Petitioner in this case.  Petitioner is entitled to 60 days of mandatory equitable tolling. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion of the petition until the petitioner has exhausted his claims in the state court.  *Id.*; *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir.

2002). The court further held that 30 days is a reasonable amount of time for a petitioner to move for post-conviction relief in state court, and another 30 days is a reasonable amount of time for a petitioner to return to federal court after exhausting state-court remedies. *Palmer*, 276 F.3d at 721. The 60 day period set forth in *Palmer* is a mandatory period of equitable tolling. *Griffin*, 308 F.3d at 653.

Here, a 60-day period of mandatory equitable tolling was triggered by the Court's September 20, 2001 decision granting Petitioner's motion for reconsideration, because at that time, only eleven days remained in the limitations period. *See Palmer*, 276 F.3d at 781; *Griffin*, 308 F.3d at 652 n.1.[2] Under *Palmer*, Petitioner had 60 additional days from the October 1, 2001 expiration. The limitations period therefore expired on Wednesday, November 28, 2001. Because Petitioner did not file his second habeas application until April 8, 2002, he did not file within the limitations period.

The second type of equitable tolling, that which is based on traditional equitable principles, is not available to Petitioner in this case. In *Griffin v. Rogers (Griffin II)*, 399 F.3d 626 (6th Cir. 2005), the Sixth Circuit held that the limitations period in a habeas action may be tolled under general equitable factors aside from those set forth in *Palmer*. 399 F.3d at 631. A habeas petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin,* 308 F.3d at 653. Here, Petitioner has not alleged any facts or circumstances that would warrant any additional equitable tolling in this case beyond the 60-day mandatory period provided in *Palmer*. The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court.

---

[2] The Court did not stay Petitioner's habeas action when it dismissed his claims without prejudice on September 20, 2001 because the dismissal antedated the Sixth Circuit's decision in *Palmer*.

*See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing"). Accordingly, Petitioner is not entitled to any additional period of equitable tolling in this case.

A habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006); *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). Furthermore, this Court is required to assure itself that a petitioner is not "significantly prejudiced by the delayed focus on the limitation issue" and determine whether "the interests of justice would be better served" by addressing the merits instead of dismissing a petition as time barred. *Day*, 126 S. Ct. at 1684. The Court finds that Petitioner is not significantly prejudiced by dismissal on the basis of the limitations period, noting that his habeas application has been previously dismissed on the merits. *See Dunham v. McGinnis*, No. 1:98-cv-869 (W.D. Mich.) (docket #27). This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Date:  August 23, 2006                  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).